UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REV. ERROL VICTOR, SR., L.S., ET AL                     CIVIL ACTION

VERSUS                                                  NO. 13-5930

MARY H. BECNEL, L.S., HONORABLE                         SECTION "N" (2)
JUDGE, 40TH JUDICIAL DISTRICT COURT

## REPORT AND RECOMMENDATION

At the time of filing this complaint, plaintiffs, Errol Victor and Tonya O. Victor,

were prisoners incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, and

the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana, respectively.[1]

They paid this court's filing fee and filed this complaint pro se pursuant to 42 U.S.C. §

1983. The sole defendant is 40th Judicial District Court Judge Mary H. Becnel.  Plaintiffs

seek declaratory and injunctive relief and release from custody based on alleged improper

actions by Judge Becnel in connection with the pending state court criminal prosecution

against the plaintiffs. Record Doc. No. 1 (Complaint).

Plaintiffs' complaint states in pertinent part the following:

On April 1, 2008, Plaintiffs (THE VICTORS) suffered the tragedy of the death
of their beloved son, . . .  and thereafter immediately on the same evening [were]
arrested and erroneously, wrongfully, sadistically charged with 1st degree

---

[1]On November 18, 2013, the court was advised by plaintiffs that Tonya Victor is currently being held
in the St. John the Baptist Parish Prison in Laplace, Louisiana, and Errol Victor, Sr., is incarcerated in
Tangipahoa Parish Jail in Amite, Louisiana. Record Doc. No. 7.

[m]urder (Husband) and accessory to 1st degree murder (Wife), both parents without investigation nor cause of death, a shameful grave injustice.

After the Preliminary Hearing, Judge Madeline Jasmine, the original, initial, lawfully allotted Trial Court Judge, appointed to the cause ab initio, ruled rendered, judged and adjudicated, that the State failed to prove their charge/case, on June 5, 2008.

\*   \*   \*

After nine (9) months thereafter of the prosecution non pursuit, without charges being dropped nor lowered, while also out on bond, District Attorney John Crum was replaced in office by Thomas Daley, [who] . . .

HAD Plaintiff, Rev. Victor, rearrested with a rehearing presided by an ad hoc Judge Kling, on the same evidence and evidentiary knowledge and materials that Judge Jasmine had already heard and adjudicated upon.  New D.A., New Judge Ad hoc, same case, same evidence.

Then when it was revealed that exculpatory evidence was being held while Rev. Victor was in jail by THOMAS DALEY that would insure Rev. Victor release, THOMAS DALEY to avoid a hearing exposing his concealment of exculpatory evidence, convened another Grand Jury in order to submit what he was to be held accountable for concealing, and exit a second Grand Jury with charges both on Mr. and Mrs. Victor with 2nd degree Murder with two opposite theories of prosecution in Bad-Faith.

JUDGE Honorable Madeline Jasmine returned to the bench assuming her original jurisdiction over the case. . . . Judge Honorable Madeline Jasmine quashed both the First Indictment and the Second superseding indictment. . . . the D.A. was recused and his whole office and replaced by Assistant Attorney General Julie Cullen . . .

. . .

Julie Cullen . . . then held another 3rd Grand Jury, with no new evidence, and inflicted the VICTORS with the same charges . . . aided and abetted by the Honorable Judge Mary H. Becnel, . . .

Judge Mary H. Becnel was one of the judges that was restricted from acting by the filing of a recusal motion by (the VICTORS) . . . Judge [Becnel] by facts and Law, could not act.

Judge [Becnel] intervened with no legal jurisdiction authorized by law. All proceedings presided by [Judge Becnel] without argument is a nullity, I.E. GRAND  JURY,  ARREST  WARRANTS,  BONDS  ORDERED  and  all

2

proceedings a nullity. Judge [Becnel] transgressed the limits imposed by the Legislature on her authority.

. . .

Judge [Becnel] proceeded with <u>no</u> <u>authority</u> or jurisdiction to act. Therefore, the Grand Jury proceeding of which required her participation, the arrest, the bonds set by her, the (out of time) in violation of Speedy Rights, due process and equal protection, <u>Arraignment</u>, 72 hour hearings, all was an absolute nullity in Fact and law, which deems them unconstitutional.

. . .

<u>Id.</u>, Complaint at ¶'s II-IV, pp. 3-8.

In the relief portion of their complaint, plaintiffs request that the court enter judgment granting plaintiffs "a declaration that the acts and omissions described herein violate() [their] rights under the constitution and laws of the United States and, order the release of the VICTORS (HABEAS CORPUS). . . . [and a] preliminary and permanent injunction ordering defendant, Judge Mary H. Becnel to cease from her violating jurisdiction, declaratory decree, constitutional and civil rights by recusing herself in the interest of justice, from presiding in any capacity in the matters of the VICTORS, as her conduct is clearly questionable."  Id. (Complaint at ¶ IX).

Staff of the undersigned magistrate judge confirmed with the office of the clerk of court of the 40th Judicial District that the criminal charges against plaintiffs remain pending.

3

**ANALYSIS**

I.   SCREENING AND STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted or if they seek monetary relief from a defendant who is immune.  28 U.S.C. § 1915A(b)(1) and (2); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; . . ." <u>Moore v. Mabus</u>, 976 F.2d 268, 269 (5th Cir. 1992).

In this case, plaintiffs' Section 1983 complaint must be dismissed under 28 U.S.C. § 1915(A)(b)(1) either as legally frivolous or under Rule 12(b)(6) because it attempts to state a claim against a defendant who is immune from liability and because it is barred under applicable United States Supreme Court law.[2] In addition, the habeas corpus aspects of plaintiffs' claim should be dismissed without prejudice.

(A)     <u>JUDICIAL IMMUNITY</u>

Plaintiffs' claims against St. John the Baptist Parish 40th Judicial District Court Judge Mary H. Becnel are barred by judicial immunity.  For more than one hundred years, judges have been held immune from liability for judicial acts done within their

---

[2]The court must "liberally construe briefs of <u>pro se</u> litigants and apply less stringent standards to parties proceeding <u>pro se</u> than to parties represented by counsel," <u>Smith v. Lonestar Constr., Inc.</u>, 452 F. App'x 475, 476 (5th Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 1746 (2012) (quotation omitted); <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996).  "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11.  This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11.  Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief.  Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).  However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled <u>Pulliam</u>'s holding regarding the availability of injunctive relief against a state judge in his official capacity. <u>Guerin v. Higgins</u>, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); <u>Nollet v. Justices</u>, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); <u>see also</u> <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available only to particular kinds of declaratory relief). Thus, the relief sought in this Section 1983 action against this defendant is not available. <u>Tesmer v. Granholm</u>, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); <u>Nollet</u>, 83 F. Supp. 2d at 210.

Furthermore, although plaintiffs have framed some of their request for relief in the guise of declaratory judgment, they in fact seek something in the nature of a writ of mandamus from this court to a state official. To the extent that plaintiffs seek an order of this court directing the state court judge to take or refrain from any particular action concerning plaintiffs' state court criminal proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties in the form of mandamus. <u>In re Campbell</u>, 264 F.3d 730, 731 (7th Cir. 2001); <u>Santee v. Quinlan</u>, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), <u>aff'd</u>, 115 F.3d 355, 356-57 (5th Cir. 1997); <u>Russell v. Knight</u>, 488 F.2d 96, 97 (5th Cir. 1973);

Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.).  This court is without authority to order officials of the state court in which plaintiffs' criminal case is pending to treat their claims in any particular way or to otherwise interfere with the rulings of its judges.

The Victors's claims against Judge Becnel concern actions, including receiving a grand jury indictment, issuing arrest warrants, setting bonds and otherwise presiding over their case, that are exclusively within the scope of the judge's role as a judicial officer and therefore within her jurisdiction.  Judge Becnel is in fact a judge of the court where the criminal prosecution is pending, giving her authority to act in connection with the case.  Consequently, the doctrine of absolute judicial immunity bars the plaintiffs' suit against Judge Becnel. For these reasons, all of plaintiffs' claims against this defendant must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted because this defendant is immune under applicable case law.

(B)   HECK BARS PLAINTIFFS' SECTION 1983 CLAIMS

Read broadly, plaintiffs' complaint seeks relief arising from alleged constitutional deficiencies in their pending state court criminal proceedings.  All such claims must be

8

dismissed at this time under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the

Supreme Court held that a civil action for alleged civil rights violations that attacks the

validity of state confinement, which has not been reversed, expunged, invalidated, or

called into question by a federal court's issuance of a writ of habeas corpus, is not

cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's

decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court

of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks

injunctive relief.  <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing

<u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiffs' claims are clearly connected to the validity of their present confinement. Heck, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from palintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Plaintiffs' complaint and subsequent written submissions indicate that they were originally arrested in 2008, and that they were in custody at the time of filing this complaint and remain in custody on similar charges.  The record reflects and independent research by staff of the undersigned magistrate judge with the Clerk's Office of St. John the Baptist Parish 40th Judicial District Court confirmed that plaintiffs remain incarcerated awaiting trial on second degree murder charges pending before Judge Becnel.  In addition, in 2013, plaintiffs were found guilty of bail jumping for which they received a sentence of three (3) years in prison and a $2,000.00 fine. Their confinement has <u>not</u> been set aside in any of the ways described in <u>Heck</u>. Thus, any claims for relief that they assert, challenging their continued confinement and pending charges, are premature and must be dismissed under <u>Heck</u>. As the Fifth Circuit has noted, the dismissal of plaintiffs' Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met.  <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

(C)     <u>HABEAS CORPUS CLAIMS</u>

As noted above, plaintiffs' complaint in part challenges the very fact and duration of their confinement in connection with the pending criminal charges against them. Although their complaint is styled as a civil rights action under 42 U.S.C. § 1983, they clearly challenge the validity of their present confinement and seek their release.  This

Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982).  Thus, although plaintiffs filed this complaint as a Section 1983 action, their claims invoke habeas corpus type relief because they challenge the fact of their confinement and the validity of the charges against them.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

In this instance, plaintiffs have in fact filed a separate action in this court seeking habeas corpus relief.  Victor v. Jackson, C.A. No. 13-6380 "J"(2). That separate action for habeas corpus relief remains pending and is under active consideration by this court. Accordingly, plaintiffs' claims seeking habeas corpus relief in this Section 1983 action should be dismissed without prejudice, allowing those claims to proceed in the separate action.

II.     <u>PENDING MOTIONS</u>

After the filing of the original complaint, the following two motions have been filed that remain pending before the court: (1) Plaintiffs' Motion for Stay of State Court Proceedings, Record Doc. No. 10; and (2) Defendant's Motion to Dismiss, Record Doc. No. 12.  If the foregoing report and recommendation is accepted by the presiding district judge, it will be unnecessary to address either of these motions, which will be rendered moot by dismissal of the case as a whole.  Accordingly,

IT IS FURTHER RECOMMENDED, for the reasons discussed above, that plaintiffs' motion for stay and defendant's motion to dismiss be DISMISSED AS MOOT, upon adoption of this report and recommendation.

<u>**RECOMMENDATION**</u>

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiffs' complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1) or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiffs' Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to further proceedings in plaintiffs' separately filed habeas corpus case pending in this court.

**IT IS FURTHER RECOMMENDED** that (1) plaintiffs' motion for a stay of state court proceedings, Record Doc. No. 10; and (2) defendant's motion to dismiss, Record Doc. No. 12, be DISMISSED AS MOOT.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this ___5th___ day of February, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

14